# United States District Court

## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>V.<br>**JOHN LEE BONDS** | **ORDER OF DETENTION PENDING TRIAL**<br><br>Case Number:   1:05-CR-108 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

    ☐ an offense for which the maximum sentence is life imprisonment or death.

    ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

    ☒ for which a maximum term of imprisonment of ten years or more is prescribed in   21 U.S.C. § 801 et seq

    ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant has a criminal record which includes 3 bench warrants for failure to appear, two of which remain outstanding. The defendant is not aware of the two outstanding warrants and therefore the court has not considered them at this time. The defendant has used aliases on several occasions. Since May 2004, defendant was contacted by the investigating FBI agent on 7 occasions and was repeatedly informed that there was an arrest warrant outstanding for him but he never turned himself in. He was not apprehended until April 6, 2004, and then only following a high speed vehicle chase where the police had to push his car off the road. Defendant continued to struggle thereafter and had to be (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the presence of the defendant or the safety of the community, based upon the unrebutted presumption. In the alternative, I further find by a preponderance of the evidence that no condition or combination of conditions will assure the defendant's presence in court for further proceedings in light of his calculated attempts over the past year to avoid apprehension by law enforcement authorities. (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| Dated:   May 9, 2005 | /s/ Hugh W. Brenneman, Jr.<br>_____<br>*Signature of Judicial Officer*<br>Hugh W. Brenneman, United States Magistrate Judge<br>*Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. John Lee Bonds
1:05-CR-108
**ORDER OF DETENTION PENDING TRIAL**
Page 2.


**Alternate Findings (B) -** (continued)

subdued by the use of a tazer.  Defendant has no record of assets or employment and no residence of his own.  He currently lives with a girlfriend and their child, although he has fathered five other minor children with five other women whom he does not support. Defendant began using marijuana at age 13 and used the drug on a drug on a daily basis prior to his arrest in March 2005.  Defendant has been previously diagnosed with attention deficit and hyperactivity disorder.


**Part II - Written Statement of Reasons for Detention -** (continued)

including his use of aliases, his successful attempt to remain at large for almost a year while being sought by the FBI, and his attempt to avoid arrest by a high speed chase.